So Ordered.

Dated: October 6th, 2016

Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>WILLIAM DAN COX, JR. and JOY K. COX,<br><br>Debtors. | Case No. 16-00701-FPC13<br><br>**NOT FOR PUBLICATION**<br><br>MEMORANDUM DECISION |

A hearing was held in this case on September 28, 2016, on the Chapter 13 Trustee's Motion to Dismiss for Lack of Eligibility under 11 U.S.C. § 109(e) [ECF No. 66]. At the hearing, the court heard argument by both counsel for the debtors and the trustee. The court also heard testimony from debtor William Dan Cox, Jr., and admitted debtors' Exhibits 1-14 and 17-19 into evidence. The court took under advisement the issue of the debtors' eligibility to be debtors under Chapter 13 of the Bankruptcy Code based on the amount of their secured and unsecured debt. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Based on the record and the

MEMORANDUM DECISION ~ Page 1

pleadings and arguments presented, the court's Memorandum Decision is as follows:[1]

## I. Eligibility Requirements

Chapter 13, § 109(e) eligibility, focuses on the amount of debt held by the debtors at the commencement of the bankruptcy case. According to § 109(e), "[o]nly . . . individual[s] with regular income [who] owe[], on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200"[2] may be eligible for Chapter 13 relief. In reviewing matters of § 109(e) eligibility, the Ninth Circuit has stated that Chapter 13 eligibility should "normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001). However, a court may look beyond the schedules if there are allegations or indicia that the schedules were not filled out in good faith. *See Soderlund v. Cohen (In re Soderlund)*, 236 B.R. 271, 273 (B.A.P. 9th Cir. 1999) (finding court properly looked to proofs of claim and the Chapter 13 plan when the debtor filed multiple versions of schedules).

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] Effective April 1, 2016.

In this case, the trustee argues that the debtors are not eligible because their secured debt is greater than the statutory limit based on the proofs of claims filed. Trustee argues the debtors have too much debt, regardless of whether it is classified as secured or unsecured. The trustee explains that although the debtors have filed several objections to claims, and additionally, an adversary proceeding to determine the validity, priority, and extent of certain liens, that such measures will not remedy debtors' lack of eligibility. Rather, at best, it will simply reclassify the secured debt as unsecured, thus pushing the debtors over the unsecured, rather than secured debt limit.

Debtors argue on the other hand, that the amount of debt is not at issue. Rather, what is at issue is the classification of the debt. Specifically, whether certain claims are contingent and non-liquidated, and therefore should not be included when determining § 109(e) eligibility. Debtors argue that much of the debt currently identified as secured debt according to the proofs of claim filed, is not actually secured and the amounts are not certain. Debtors continue to urge the court to rely on their schedules when determining their § 109(e) eligibility. The court notes that although it is not ruling on the issue of good faith, creditor Water Works Properties, LLC filed a good faith objection to confirmation [ECF No. 71]. Therefore, given the good faith objection, the court will inquire beyond the debtors' originally filed schedules in its § 109(e) eligibility analysis.

## II. Categorizing Debt

"The term 'debt' means liability on a claim." 11 U.S.C. § 101(12). The Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). The Supreme Court has explained that under the Bankruptcy Code the meanings of "debt" and "claim" are coextensive and should be broadly construed. *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990). "The Code utilizes this broadest possible definition of claim to ensure that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." *In re SNTL Corp.*, 571 F.3d 826, 838 (9th Cir. 2009) (internal alterations and quotation marks omitted).

Unlike "claim," the terms "noncontingent" and "liquidated" are not defined by the Bankruptcy Code. *See In re Nicholes*, 184 B.R. 82, 88 (B.A.P. 9th Cir. 1995). However, the terms have been defined by case law. According to the Ninth Circuit, a debt is noncontingent when all events giving rise to the debt occurred prior to the debtor filing for bankruptcy. *In re Fostvedt*, 823 F. 2d 305, 306 (9th Cir. 1987). A debt is liquidated for purposes of calculating Chapter 13 eligibility if the amount of the debt is readily determinable, even if liability is disputed. *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073-75 (9th Cir. 1999) (holding that "a debt is

liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided").

### III. Analysis of Creditors' Claims

#### a. Undisputed Claims

Debtors do not dispute proofs of claim Nos. 1, 2, 5, and 6 [ECF No. 84]. These undisputed, unsecured claims total $34,452.06.

#### b. Disputed Claims

Debtors dispute creditor proofs of claim Nos. 3, 4, and 7-16 [ECF No. 84]. However, it is not necessary for the court to analyze each of the disputed claims because the court finds that proofs of claim Nos. 4 and 10 are both secured, liquidated, noncontingent claims that should be included in the court's § 109(e) analysis. When added together, proofs of claim Nos. 4 and 10 total $1,829,474.39 and therefore, exceed the statutory limit.

The court first examines proof of claim No. 4. This claim filed by creditor HRB Mortgage Holdings LLC ("HRB") represents secured debt in the amount $788,045.39 as it arises out of a lien secured by real property. Debtors argue that this debt is unliquidated and unsecured, apparently based on the fact that the court granted the secured creditor relief from stay so that it may foreclose its deed of trust against the subject property in accordance with applicable Washington law [ECF No. 64]. However, granting the secured creditor relief from stay does not relieve

debtors of their liability. "When a bankruptcy court lifts, or modifies, the automatic stay, it merely removes or modifies the injunction prohibiting collection actions against the debtor or the debtor's property." *Catalano v. C.I.R.*, 279 F.3d 682, 686 (9th Cir. 2002). Moreover, even though relief from stay was granted, there are no facts in the record showing that the secured creditor has completed a foreclosure and satisfied the secured debt. Therefore, based on the record presented, creditor HRB still holds a valid secured claim in the amount of $788,045.39.

Next, the court reviews proof of claim No. 10. This claim filed by creditor Water Works Properties, LLC represents secured debt in the amount of $1,041,429.00 as it arises from the debtors' unconditional guarantee of a secured real estate contract. Debtors do not dispute that they personally guaranteed this real estate contract. Indeed, debtors submitted the proof of claim with the attached real estate contract as Exhibit No. 9 during the hearing, Mr. Cox did not dispute that both he and his wife signed the document. Rather, the debtors argue that this debt should not be included because they merely guaranteed this obligation, the contract is not in default, and the amount that they will ultimately pay on the note depends upon whether Twin Orchards (purchaser) ultimately defaults. Although the court finds this argument intriguing, it does not comport with binding Ninth Circuit law.

In *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987), the Ninth Circuit found a similar argument "without merit." In *Folstvedt*, the debtor did not list liability on his

schedules for two promissory notes. The debtor argued that he was not obligated to identify the debt on his schedules because the notes were not in default and the debt was "neither noncontingent nor liquidated within the meaning of section 109(e) because the amount he will ultimately pay on the notes depends upon what portion his co-obligors pay and upon whether the creditor actually demands payment of him." *Id.* The Ninth Circuit disagreed. The *Fostvedt* court held the debt on the promissory notes was both liquidated and noncontingent and therefore, must be included in the § 109(e) eligibility analysis.

First, the *Fostvedt* court explained that the debt was liquidated because the amount was specified in the promissory notes and therefore was subject to "ready determination and precision in computation of the amount due." *Id.* (internal quotation marks omitted). The court rejected Fostvedt's argument that the amount was unknown and therefore unliquidated because it depended on his co-obligors. Rather, the *Fostvedt* court emphasized that at the "time of filing, Fostvedt was liable for the full amount of the notes, regardless of the possibility that his co-obligors would eventually pay some or all of the debt." *Id.* Therefore, the debt was liquidated. Second, the court found the debt was noncontingent, rejecting the debtor's argument that the debt was contingent because it would only become payable upon default. The court focused on the nature of the claim, not the actions of the debt holders. "[W]here a contract was entered into by parties who did not contemplate that any

further act had to be completed in order to trigger contractual liability, then such liability would not be contingent." *Id*. The court concluded that the debt was not contingent because "no further act or extrinsic event was needed to trigger Fostvedt's liability." *Id*.

Contrary to the debtors' similar argument in this case, that the debt remains contingent until default, contingency of the debt does not depend on default, rather it depends on whether all of the events giving rise to liability for the debt occurred prior to the debtors filing for bankruptcy. If one followed debtors' reasoning, then almost every secured debt would be classified as contingent because secured creditors, even mortgage holders, generally may not require full payment until a default occurs. The question of contingency is not whether the creditor may extract full repayment from the debtor (or his property) immediately; the question is whether the creditor had a "right to payment" or a "right to an equitable remedy," from the debtor (or his property) at the time the debtor filed his petition. *See* 11 U.S.C. § 101(5). In this case, debtors signed an unconditional guarantee.[3] Under Washington law, a guarantee of payment of an obligation without words of limitation or condition is construed as an absolute or unconditional guarantee.

---

[3] *See* Claim No. 10; pg.15, ¶ 33. Specifically this paragraph states:

> **PERSONAL GUARANTEE**. William Cox, Jr., and Joy Cox are each principals in the Purchaser and are benefited by this Contract. Each such guarantor hereby agrees to absolutely and unconditionally guarantee the obligations of the Purchaser under this Contract as fully as if such individual was the Purchaser hereunder.

*National Bank of Washington v. Equity Investors,* 81 Wash.2d 886, 918 (1973). Unlike a conditional guarantee, an absolute guarantee imposes no duty upon the creditor to attempt collection from the principal debtor before looking to the guarantor. *See Century 21 Products, Inc. v. Glacier Sales*, 129 Wash.2d 406 (1996). The guaranty in this case does not contain any provisions making liability contingent on an event other than default. Therefore, based on the undisputed facts and the language contained in the guaranty agreement that gives rise to the obligation in question, the court finds that this is a secured, noncontingent, liquidated debt that must be included in the court's § 109(e) analysis.[4]

## CONCLUSION

The court finds that debtors do not meet the eligibility requirements of § 109(e). According to § 109(e) debtors are not eligible for Chapter 13 relief because their noncontingent, liquidated, and secured debts exceed $1,184,200.00. The court finds that based on the record, debtors have, at a minimum, $1,829,474.39 in secured, noncontingent and liquidated debt and that this amount exceeds the eligibility limit. Accordingly, the court will enter an order dismissing this case on

---

[4] As to the remaining disputed proofs of claim, the court will not make any findings. Therefore, this court is making no determination as to the merits or value of the other disputed proofs of claim. It is clear from the record and the lengthy analysis of the various transactions written by Superior Court Judge Hotchkiss, that the relationship between the debtors and John McQuaig and the various entities he controls or has a significant relationship with (including Water Works Properties, LLC), is strained and litigious.

1 **Tuesday, October 18, 2016**, unless prior to that date the debtors convert to a case

2 under Chapter 7 or a case under Chapter 11.[5]

3 ///END OF MEMORANDUM DECISION///

---

[5] As an aside, it appears that (1) debtors may be well served by converting to a Chapter 7; and (2) the debtors may not benefit from proceeding in a Chapter 11. Also, all interested parties should note that this Memorandum Decision is limited to a very narrow jurisdictional issue and should have no bearing on the pending disputes between the debtors' related entities and Mr. McQuaig's related entities.